# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>O'REILY AUTO ENTERPRISES, LLC, a state limited liability<br>company and DOES 1 through 20, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LAURA DELGADO, an individual, | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br>ELECTRONICALLY FILED<br>12/19/2022<br>Kern County Superior Court<br>By Vanessa Castro, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

VC

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Kern County Superior Court | **CASE NUMBER:**<br>*(Número del Caso)*<br>BCV-22-103284 |
|---|---|

1215 Metropolitan Division
~~1415~~Truxton Ave., Bakersfield California 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ramin R. Younessi 3435 Wilshire Blvd. Ste. 2200, Los Angeles, CA 90010, (213) 480-6200

| DATE:12/19/2022<br>*(Fecha)* | TAMARAH HARBER-PICKENS | Clerk, by<br>*(Secretario)* | *Vanessa Castro* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **O'Reily Auto Enterprises, LLC,**
   **a state limited liability company**

   under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

**ELECTRONICALLY FILED**
**12/8/2022 12:48 PM**
**Kern County Superior Court**
**By Vanessa Castro, Deputy**

1
Ramin R. Younessi, Esq. (SBN 175020)
**LAW OFFICES OF RAMIN R. YOUNESSI**
2
**A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
3
Los Angeles, California 90010
Telephone: (213) 480-6200
4
Facsimile: (213) 480-6201

5
Attorney for Plaintiff,
LAURA DELGADO
6

7

8
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9
**FOR THE COUNTY OF KERN, METRO DIVISION**

10

| | |
|---|---|
| LAURA DELGADO, an individual, | Case No. BCV-22-103284 |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| v. | 1. **DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| O'REILY AUTO ENTERPRISES, LLC, a state limited liability company and DOES 1 through 20, inclusive, | 2. **RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| Defendants. | 3. **FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| | 4. **FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 5. **FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | 6. **FOR DECLARATORY JUDGMENT** |
| | 7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | 8. **FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS (CAL. LABOR CODE §1198.5); AND** |
| | 9. **UNFAIR COMPETITION (BUS. & PROF. CODE §17200 ET SEQ.);** |

-1-
COMPLAINT FOR DAMAGES

**DEMAND OVER $25,000**

**[DEMAND FOR JURY TRIAL]**

COMES NOW PLAINTIFF, LAURA DELGADO, and for causes of action against the Defendants and each of them, alleges as follows:

## JURISDICTION

1.      This Court is the proper court, and this action is properly filed in Kern County, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transact business within Kern County, and because the work that is the subject of this action was performed by Plaintiff in Kern County.

## THE PARTIES

2.      Plaintiff, LAURA DELGADO, is and at all times relevant hereto was a resident of the County of Bakersfield, State of California.

3.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant O'REILY AUTO ENTERPRISES, LLC(hereinafter referred to as "O'REILLY'S") was and is a California corporation doing business at 2830 Union Avenue, Bakersfield, in the County of Kern, State of California.

4.      O'REILLY'S is hereinafter collectively referred to as "Employer."

5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Employer owned and operated a private auto parts retail store.

6.      At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

7. At all times relevant herein, Employer and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 7-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558, and liable to Plaintiff on that basis.

8. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein and is therefore liable to Plaintiff as alleged hereinafter.

9. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

COMPLAINT FOR DAMAGES

1      11.     Whenever and wherever reference is made in this complaint to any act or failure to act by

2   a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts

3   and/or failures to act by each Defendant acting individually, jointly and severally.

4      12.     Plaintiff has filed complaints of discrimination retaliation, failure to prevent

5   discrimination or retaliation, failure to accommodate, failure to engage in the interactive process, and

6   wrongful termination under Government Code §§12940, et seq., the California Fair Employment and

7   Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and

8   has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

9

10                  **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

11      13.     Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity

12   of interest and ownership between Employer and DOES 1-20 that the individuality and separateness of

13   defendants have ceased to exist.

14      14.     Plaintiff is informed and believes, and based thereon alleges, that despite the formation of

15   purported corporate existence, Employer and DOES 1-20 are, in reality, one and the same, including, but

16   not limited to because:

17           a.     Employer is completely dominated and controlled by one another and DOES 1-20,

18   who personally committed the frauds and violated the laws as set forth in this complaint, and who have

19   hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish

20   some other wrongful or inequitable purpose.

21           b.     Employer and DOES 1-20 derive actual and significant monetary benefits by and

22   through one another's unlawful conduct, and by using one another as the funding source for their own

23   personal expenditures.

24           c.     Employer and DOES 1-20, while really one and the same, were segregated to

25   appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or

26   accomplishing some other wrongful or inequitable purpose.

27           d.     Employer does not comply with all requisite corporate formalities to maintain a

28   legal and separate corporate existence.

e.       The business affairs of Employer and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employer is, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Employer and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

15.     Accordingly, Employer constitute the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

16.     As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employer and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employer and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

17.     Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, Employer, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employer and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employer and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) Employer and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to Employer and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employer and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

COMPLAINT FOR DAMAGES

**FACTUAL ALLEGATIONS**

18.     On or about February 2020, Employer hired Plaintiff to work as a Delivery Driver. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated on or about January 10, 2022.

19.     At the time of Plaintiff's termination, Plaintiff was 53 years old.

20.     Between 2020 and 2022, Plaintiff's hourly wage rate was $15.00.  During this time period, Plaintiff's fixed schedule was five days per week, Monday through Friday, for approximately 8 hours per day.

21.     On October 2, 2020, Plaintiff was injured while performing her work duties.  This limited Plaintiff's ability to perform the major life activity of working and therefore constituted a disability.

22.     On October 2, 2020, Plaintiff notified his supervisor Jose of this disability and medical condition.

23.     Thereafter defendant failed to engage in a good faith interactive process or provide reasonable accommodations to Plaintiff to continue working.

24.     Thereafter Defendants terminated Plaintiff's employment on January 10, 2022.

25.     Defendants discriminated and retaliated against Plaintiff by wrongfully terminating her employment and for exercising Plaintiff's right to request modified work duty as an accommodation of Plaintiff's disability and/or medical condition.

26.     At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and/or medical condition such that Plaintiff could continue working for Defendants.

27.     At all relevant times, Defendants failed to reasonably accommodate Plaintiff even though Plaintiff was able to perform the essential job duties of Plaintiff's position or another position with or without accommodations.

28.     Plaintiff's termination was substantially motivated by Plaintiff's age, disability or perceived disability, medical condition or perceived medical condition, request for accommodation, and/or engagement in protected activities, without any discussion of disability accommodations or any

COMPLAINT FOR DAMAGES

good faith attempt to engage in the interactive process with Plaintiff. Defendants' discriminatory animus is evidenced by the previously mentioned facts.

29.     Defendants' conduct described herein was undertaken, authorized, and/or ratified Defendants' officers, directors and/or managing agents, including, but not limited to Jose and those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants.  The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

30.     As a result of Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

31.     As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

32.     Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

33.     Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

## FOR DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

34.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

35.    At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

36.    As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

37.    FEHA requires Defendants to refrain from discriminating against an employee on the basis of age, disability and/or medical condition, real or perceived, and to prevent discrimination on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

38.    Plaintiff was a member of multiple protected classes as a result of Plaintiff's age, disability, medical condition and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

39.    At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

40.    Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

41.    Plaintiff is informed and believes that Plaintiff's age, disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

42.    Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

43.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

44.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

45.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.


## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

46.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

47.     At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

48.     These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

49.     Plaintiff engaged in the protected activities of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, and complaining about and protesting Defendants' discriminatory conduct towards Plaintiff based upon Plaintiff's age, disability, medical condition, real or perceived, and use of medical leave.

50.     Plaintiff suffered the adverse employment actions of discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

-9-

51.     Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation, requesting medical leave and/or exercising Plaintiff's right to medical leave, complaining about and protesting about Defendants' discriminatory and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

52.     Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

53.     Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

54.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

55.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

56.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

57.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

-10-

### THIRD CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION AND RETALIATION

### IN VIOLATION OF GOV'T CODE §12940(k)

### AGAINST ALL DEFENDANTS

58.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

59.     At all times hereto, the FEHA, including in particular Government Code §12940(k), was in full force and effect and was binding upon Defendants.  This subsection imposes a duty on Defendants to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.  As alleged above, Defendants violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

60.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

61.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

62.     The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

63.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

# FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

## IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

## AGAINST ALL DEFENDANTS

64.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

65.     At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

66.     At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

67.     At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's disability, real or perceived, or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

68.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

69.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

70.    The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

71.    Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
## FOR FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS
## IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.
## AGAINST ALL DEFENDANTS

72.    Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

73.    At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

74.    At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

75.    Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage

-13-

in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendant contends Plaintiff was never terminated, through the present and ongoing.

76.     The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

77.     The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

78.     The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

79.     Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION

## FOR DECLARATORY JUDGMENT

## AGAINST ALL DEFENDANTS

80.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78, inclusive, as though set forth in full herein.

81.     Government Code §12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

-14-
COMPLAINT FOR DAMAGES

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

82.   Government Code §12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

83.   Moreover, Government Code §12921, subdivision (a) says in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

84.   An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties as it is believed that Defendants may allege that they did not discriminate and retaliate against Plaintiff; that Plaintiff was not terminated as a result of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics. Plaintiff contends that Defendants did discriminate and retaliate against Plaintiff on the basis of Plaintiff's age, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics; and that Plaintiff was retaliated

against and, ultimately wrongfully terminated as a result of Plaintiff's age,  medical condition, disability and/or perceived disability, medical condition or perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.  Plaintiff is informed and believes, and on that basis alleges, that Defendants shall dispute Plaintiff's contentions.

85.    Pursuant to Code of Civil Procedure §1060, Plaintiff desires a judicial determination of Plaintiff's rights and duties, and a declaration that Defendants Plaintiff on the basis of Plaintiff's age, perceived disability, disability, medical condition, perceived medical condition, engagement in protected activities, and/or some combination of these protected characteristics.

86.    Pursuant to Code of Civil Procedure §1060, Plaintiff seeks a judicial determination of Plaintiff's rights and duties, and a declaration that Plaintiff's age, perceived disability, medical condition, perceived medical condition, disability, engagement in protected activities, and/or some combination of these protected characteristics was a substantial motivating factor in the decision to subject Plaintiff to the aforementioned adverse employment actions.

87.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff, for Plaintiff and on behalf of employees in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants and to condemn such discriminatory employment policies or practices prospectively.  *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

88.    A judicial declaration is necessary and appropriate at this time such that Defendants may also be aware of their obligations under the law to not engage in discriminatory practices and to not violate the law in the future.

89.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiff herein, may be awarded reasonable attorneys' fees and costs: "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorneys' fees and costs, including expert witness fees." Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## SEVENTH CAUSE OF ACTION
## FOR WRONGFUL TERMINATION
## IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
## AGAINST ALL DEFENDANTS

90.     Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 28, inclusive, as though set forth in full herein.

91.     At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.  This law requires Defendants to refrain, among other things, from discriminating against any employee on the basis of age, disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

92.     At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of age, disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

93.     Plaintiff believes and thereon alleges that Plaintiff's age, disability and/or medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

94.     Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's employment on the basis of age, disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

95.     The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.  Defendants violated these laws by discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for exercise of protected rights.

COMPLAINT FOR DAMAGES

96.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee in violation of FEHA.

97.   Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

98.   The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

99.   The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PERMIT INSPECTION OF PERSONNEL AND PAYROLL RECORDS

### LABOR CODE §1198.5

### AGAINST ALL DEFENDANTS

100.   Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

101.   Labor Code §1198.5 requires an employer, within thirty (30) days of a written request thereof, to inspect or receive a copy of an employee's personnel and payroll records.  An employer's failure to do so subjects the employer to a $750.00 penalty, payable to the employee.

102.   On December 6, Plaintiff made a written request to inspect or receive a copy of Plaintiff's personnel and payroll records from Defendants, which Defendants received.

103.    Defendants failed and refused to permit Plaintiff's inspection of Plaintiff's personnel and payroll records and failed to provide a copy of Plaintiff's personnel and payroll records to Plaintiff within the time required by Labor Code §1198.5, or ever.

104.    As a result of Defendants' failure and refusal to comply with Labor Code §1198.5, Plaintiff is entitled to recover from Defendants a civil penalty of $750.00.

## NINTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.
## AGAINST ALL DEFENDANTS

105.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

106.    Defendants' violations of 8 Code of Regulations §11070, Industrial Welfare Commission Order No. 7-2001, Labor Code §§201-203, 226, 226.7, 510, 512, 1182.12, 1194, 1194.2, 1197, 1198.5, 2699, and other applicable provisions, as alleged herein, including Defendants' failure and refusal to pay minimum wages, overtime wages, Defendants' failure to provide meal and rest breaks, Defendants' failure to provide timely and accurate wage and hour statements, Defendants' failure to pay compensation due in a timely manner upon termination or resignation, and Defendants' failure to maintain complete and accurate payroll records for the Plaintiff, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

107.    As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public.  Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

108.    Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the overtime compensation and other monies and benefits unlawfully withheld from Plaintiff.

1
2
3
4

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof as follows:

1.      For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2.      For statutory penalties pursuant to Labor Code §1198.5 in the amount of no less than $750.00;

3.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter.

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

4.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

5.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

6.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

7.      For injunctive relief compelling Defendants to report to federal and state authorities wages earned by Plaintiff, and other employees, and pay all state and federal taxes owing, employer matching funds, unemployment premiums, social security, Medicare, and workers' compensation premiums, all this in an amount according to the proof;

8.      For restitutionary disgorgement of profits garnered as a result of Defendants' unlawful conduct and failure to pay wages and other compensation in accordance with the law;

9.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

10.    For post-judgment interest; and

11.    For any other relief that is just and proper.

DATED:  December 7, 2022            **LAW OFFICES OF RAMIN R. YOUNESSI**
                                    **A PROFESSIONAL LAW CORPORATION**


                                    By:  _____
                                         Ramin R. Younessi, Esq.
                                         Attorney for Plaintiff
                                         LAURA DELGADO

                          **JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED:  December 7, 2022            **LAW OFFICES OF RAMIN R. YOUNESSI**
                                    **A PROFESSIONAL LAW CORPORATION**


                                    By:  _____
                                         Ramin R. Younessi, Esq.
                                         Attorney for Plaintiff
                                         LAURA DELGADO

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ramin R. Younessi, Esq. (175020)<br>3435 Wilshire Blvd. Suite 2200<br>Los Angeles; CA 90010<br>TELEPHONE NO.: 213-480-6200     FAX NO. *(Optional):* 213-480-6200<br>E-MAIL ADDRESS: ryounessi@younessilaw.com<br>ATTORNEY FOR *(Name)*: Laura Delgado | ELECTRONICALLY FILED<br>12/8/2022 12:48 PM<br>Kern County Superior Court<br>By Vanessa Castro, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **KERN**          VC
STREET ADDRESS: ~~1415 Truxton Ave~~ 1215 TUXTUN AVE
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
Laura Delgado vs. O'Reilly Auto Enterprises, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>BCV-22-103284 |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☑ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* Nine (9)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 8, 2022

Ramin R. Younessi, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

| | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF KERN**<br>BAKERSFIELD COURT<br>1215 TRUXTUN AVENUE<br>BAKERSFIELD CA 93301 | FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF KERN<br><br>DECEMBER 19, 2022<br>BY *Vanessa Castro* DEPUTY |

**PLAINTIFF/PETITIONER:**
  LAURA  DELGADO
**DEFENDANT/RESPONDENT:**
  O REILY AUTO ENTERPRISES, LLC, A STATE LIMITED
  LIABILITY COMPANY

| NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND<br>NOTICE OF ORDER TO SHOW CAUSE RE CRC RULE 3.110 AND<br>NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER:<br><br>BCV-22-103284 |
|---|---|

By order of the presiding judge, the above entitled case is assigned to the Honorable Bernard C. Barmann, JR for all purposes. It will be managed on the direct calendar program in Bakersfield Division H until its conclusion. Peremptory challenges, if any, must be made within the times set out in CCP §170.6. Please include the initials **BCB** after the case number on all future pleadings filed in this case.

**TO PLAINTIFF AND PLAINTIFF'S COUNSEL:**
You are ordered to appear on **April 03, 2023** in **Bakersfield Division H** at **8:30 AM** to give any legal reason why sanctions shall not be imposed for failure to serve the complaint on all named defendants and file proof(s) of service with the court within sixty (60) days after the filing of the complaint pursuant to California Rules of Court, Rule 3.110.  All appearances are mandatory, unless the court receives the required proof(s) of service five (5) court days prior to the hearing date, and then no appearance is necessary.

**TO EACH PARTY AND THEIR RESPECTIVE ATTORNEY(S) OF RECORD:**
This case is set for Case Management Conference, by the Honorable Bernard C. Barmann, JR on **June 20, 2023** at **8:30 AM** in **Bakersfield Division H**. <u>Case management statements are to be filed at least fifteen (15) days prior to the conference in accordance with California Rules of Court, Rules 3.720 – 3.730.  All parties shall comply with California Rules of Court, Rules 3.720 – 3.730.</u>

### NOTICE TO PLAINTIFF'S COUNSEL
**IMPORTANT:  You are required to serve this Notice of Assignment and Notice of Order to Show Cause Date and Notice of Case Management Conference Date with the Summons, Complaint [Local Rule 3.7(a)], Alternative Dispute Resolution (ADR) Information Packet, and ADR Stipulation and Order Form ( California Rules of Court, Rule 3.221).**

### NOTICE TO CROSS COMPLAINANT'S COUNSEL
**IMPORTANT:  If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment pursuant to California Rules of Court, Rule 3.110 and Notice of Order to Show Cause date and Notice of Case Management Conference date on the new cross defendants.**

Date:  December 19, 2022

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

By: *Vanessa Castro*
Signed: 12/19/2022 1:20:12 PM
Vanessa Castro, Deputy Clerk

DELGADO VS O'REILY AUTO ENTERPRISES, LLC, A STATE LIMITED LIABILITY COMPANY
BCV-22-103284

The Clerk of the Superior Court's office has received a civil complaint from you for filing. Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable Bernard C. Barmann, JR as monitoring judge.

Judge Bernard C. Barmann, JR has instituted a direct calendaring system for all cases assigned to him/her as the monitoring judge.

All law and motion, case management and trial setting conferences, ex parte matters and trials will be scheduled before him/her in Bakersfield Division H. This will involve all cases in which the clerk has assigned the initials BCB to the complaint at the time of filing. Counsel is expected to make the initials of the monitoring judge a part of the case number on all pleadings and papers.

Law & Motion and Ex-Parte hearing dates must be pre-cleared by contacting the Direct Calendaring Clerk at 661-868-7204. Tentative rulings can be located by visiting "http://www.kern.courts.ca.gov/", after 4:00 pm. Click on the Non-Criminal Case Information link to enter the case number. Please note, not all departments provide tentative rulings.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately one hundred eighty (180) days after filing of the complaint. This notice must be served with the summons and complaint on all defendants. Defendants must serve the notice on all cross-defendants named. The notice must also be served on interveners and lien claimants.

Telephonic appearances for case management conferences and law and motion hearings are available through Court Call. The toll free telephone number for Court Call is (888) 88-COURT. Proper procedures must be complied with under California Rules of Court, Rule 3.670. Arrangements to make appearances through Court Call must be made at least five (5) court days prior to the hearing date.

Another judge will hear settlement conferences in cases assigned to Judge Bernard C. Barmann, JR. However, those cases that do not settle will be set for trial before him/her.

DELGADO VS O'REILY AUTO ENTERPRISES, LLC, A STATE LIMITED LIABILITY COMPANY
BCV-22-103284

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF KERN
## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the case management conference, each party shall prepare, file and serve on each other party a case management conference statement providing the Court with the following information:

1. The "at-issue" status of the case including any new parties that may be contemplated;
2. A brief statement of the type of case and the general facts or contentions;
3. A description of the discovery done to date and that contemplated to be done;
4. Estimated time for trial and whether a jury is demanded;
5. Whether or not the case is entitled to priority in trial setting and if so, the legal authority thereof;
6. An evaluation of the case for alternative dispute resolution, including arbitration (judicial or binding), mediation or private judge handling;
7. If a person injury action, a description of the injuries sustained by each plaintiff and the elements of claimed damage;
8. A statement of any settlement negotiations undertaken thus far;
9. The name of the attorney primary responsible for the case on behalf of the party filing the statement.

More than one party may join in the filing of a single statement.

The case management conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case. The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on the following subjects:

1. The "at-issue" status of the case including the dismissal of the unnamed doe defendants or cross-defendants by agreement of all parties;
2. Discovery conducted and remaining to be done;
3. Amenability of the case to alternative dispute resolution including, but no limited to, arbitration (judicial or binding), mediation, and private judge handling.
4. Delineation of issues including stipulation of facts not in substantial controversy;
5. Settlement prospects;
6. Setting the matter for trial, pre-trial conferences, settlement conference or further case management conference;
7. Any other matters relevant to the processing of the case to a final resolution.

Any violation of these rules shall result in the imposition of substantial sanctions which may include monetary, issue, termination, or other appropriate sanctions.

DELGADO VS O'REILY AUTO ENTERPRISES, LLC, A STATE LIMITED LIABILITY COMPANY
BCV-22-103284

## CERTIFICATE OF POSTING

The undersigned, of said Kern County, certify:  That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the ***Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference*** attached hereto on all interested parties and any respective counsel of record in the within action by posting true copies thereof,  to the Superior Court of California, County of Kern, Non-Criminal Case Information Portal (https://www.kern.courts.ca.gov).

Date of Posting:          December 19, 2022

Place of Posting:        Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: December 19, 2022

**TAMARAH HARBER-PICKENS**
CLERK OF THE SUPERIOR COURT

Signed: 12/19/2022 1:20:13 PM

By:      *Vanessa Castro*

Vanessa Castro, Deputy Clerk

Certificate of Posting - Notice of Assignment/Notice of Order to Show Cause Re CRC 3.110/Notice of Case Management Conference

Page 4 of 4